```
               UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF MISSISSIPPI
                     NORTHERN DIVISION


GRALYN D. JOHNSON                                      PLAINTIFF


VS.                            CIVIL ACTION NO. 3:13CV798TSL-JMR


MISSISSIPPI POWER COMPANY                              DEFENDANT
```

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant Mississippi Power Company (MPC) to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff Gralyn D. Johnson has responded to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion should be granted in part and denied in part, as set forth herein.

Plaintiff Johnson was terminated from his employment with defendant MPC on December 21, 2011, ostensibly as a result of having committed safety rule violations. After filing a complaint with the Equal Employment Opportunity Commission and receiving a notice of right to sue, Johnson, who is African-American, brought the present action against MPC, asserting claims of race discrimination and retaliation pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and pursuant to 42 U.S.C. § 1981. In his complaint, Johnson alleges that during his employment with MPC, white employees were treated more favorably

than he and that while he was ultimately terminated for safety rule violations, a number of white coworkers who committed more egregious safety rule violations were not terminated. He further alleges that he was retaliated against after opposing MPC's discriminatory practices.

MPC has moved to dismiss on the basis of collateral estoppel and/or *res judicata*. It notes that following his termination, Johnson filed a claim for unemployment compensation benefits with the Mississippi Department of Employment Security (MDES), which denied his claim, finding that he was discharged for misconduct based on his having committed safety rules violations. Johnson appealed the denial decision to the MDES Administrative Law Judge, who held following a telephone hearing that Johnson was disqualified from receiving benefits as he was terminated for misconduct. The ALJ ruled:

> The safety rules and procedures as implemented by the employer are reasonable and serve the purpose of protecting its workers. A worker who continually violates those rules and procedures through inattention to detail or carelessness does so wantonly. And, when a discharge results from a series or pattern of similar acts of worker disservice which have resulted in warnings, the worker becomes culpable and should be held to a higher standard of accountability to show that his actions are justified. The claimant did not meet that standard. As the claimant continued on the same course of repeated acts of disservice, despite the warnings, misconduct is more easily found. The reason for the claimant's discharge was due to acts of wanton misconduct in connection with the work. Consequently, he is disqualified.

2

The MDES Board of Review affirmed the ALJ's decision. Johnson filed an appeal in the Circuit Court of Harrison County, but his appeal was dismissed because of his failure to file a brief.

MPC contends that since the reason for Johnson's termination was litigated before the MDES, was determined by the MDES, and was central to those proceedings, then collateral estoppel precludes him from relitigating that issue in this court. It further argues that the "four identities" establishing *res judicata* are also met.

Contrary to MPC's urging, the MDES ruling has no preclusive effect on Johnson's Title VII claims. It is generally true that "[t]he federal courts must give an agency's fact finding the same preclusive effect that they would a decision of a state court, when the state agency is acting in a judicial capacity and gives the parties a fair opportunity to litigate." Stafford v. True Temper Sports, 123 F.3d 291, 294 (5th Cir. 1997) (citing Univ. of Tenn. v. Elliott, 478 U.S. 788, 799, 106 S. Ct. 3220, 92 L. Ed. 2d 635 (1986)). See also Cox v. DeSoto County, Miss., 564 F.3d 745, 748 (5th Cir. 2009) ("The law is clear that 'when a state agency acting in a judicial capacity ... resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, federal courts must give the agency's fact-finding the same preclusive effect to which it would be entitled in the State's courts.'") (quoting Elliot, 478 U.S. at 799). "In Mississippi, administrative decisions are given

3

preclusive effect. Specifically, the decisions of the [Mississippi Employment Security Commission] MESC[1] are given preclusive weight in Mississippi courts, if supported by the evidence and in the absence of fraud." Cox, 564 F.3d at 748. See also Stafford, 123 F.3d 295 ("As far as Mississippi is concerned, the decisions of [the MDES] have preclusive weight in Mississippi courts, are appealable through the Mississippi court system, and even have the potential for review by the United States Supreme Court.") (citing Miss. Code. Ann. § 71-5-531).

However, "state administrative decisions do not have preclusive effect as to claims for which Congress provided a detailed administrative remedy, such as Title VII and ADEA claims." Wright v. Custom Ecology, Inc., No. 3:11CV760 DPJ-FKB, 2013 WL 1703738, at *5 (S.D. Miss. Apr. 19, 2013). See also Cox, 564 F.3d at 748-49 (in cases brought under ADEA, collateral estoppel does not apply since Congress has provided for a detailed administrative remedy) (citing Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104, 110-14, 111 S. Ct. 2166, 115 L. Ed. 2d 96 (1991)). Thus, in a Title VII action, a prior state decision enjoys preclusive effect only if rendered or reviewed by a court; "[a]n administrative decision involving Title VII claims that is not reviewed by a state or federal court may not preclude a

---

[1] The Mississippi Department of Employment Security (MDES) was previously called the Mississippi Employment Security Commission (MESC).

4

subsequent Title VII claim." Thomas v. Louisiana, Dept. of Social Services, 406 Fed. App'x 890, 894-95 (5th Cir. 2010)(citing Elliott, 478 U.S. at796). See also Roth v. Koppers Indus., Inc., 993 F.2d 1058, 1062 (3d Cir. 1993) ("Following Elliott, the courts of appeals have unanimously concluded that unreviewed administrative agency findings can never be accorded issue preclusive effect in subsequent Title VII proceedings."); McInnes v. California, 943 F.2d 1088, 1093-94 (9th Cir. 1991)("The clear teaching of Elliott is that in a Title VII action a prior state decision enjoys preclusive effect only if rendered or reviewed by a court .... In contrast, unreviewed administrative determinations lack preclusive effect in a subsequent Title VII action, regardless of any preclusive effect state law might accord to them."). Accordingly, the district courts in this state have consistently refused to accord preclusive effect to MDES/MESC decisions in Title VII actions. See, e.g., Wright, 2013 WL 1703738, at *5 (holding that MDES decision in plaintiff's favor had no preclusive effect in Title VII action); Moore v. Shearer-Richardson Memorial Nursing Home, 1:10CV170B-S, 2012 WL 1066340, at *3 (N.D. Miss. Mar. 28, 2012) (concluding that MDES findings in plaintiff's favor had no preclusive effect on the plaintiff's Title VII race discrimination claim); Finnie v. Lee County, Miss., 907 F. Supp. 2d 750, 761 n.13 (N.D. Miss. 2012) (declining to apply collateral estoppel to plaintiff's Title VII claim); Cayson

v. Mart Systems, Inc., 2005 WL 1330895, 1-2 (N.D. Miss. 2005) (holding that "[a]dministrative hearings do not have a preclusive effect on claims such as Cayson's Title VII claim"); Smith v. Koch Foods of Mississippi, LLC, Civil Action No. 3:09CV688DPJ-FKB, 2011 WL 2415336, 2 n.1 (S.D. Miss. June 13, 2011) (rejecting Smith's estoppel argument related to the unemployment compensation ruling); see also Thomas, 406 Fed. App'x at 895 (declining to give ruling of state unemployment compensation agency that the plaintiff's termination was justified preclusive effect where it was not clear from the record whether she had appealed that ruling to state court).

In this case, MPC contends that the findings of the MDES were judicially reviewed and that collateral estoppel therefore applies. On this point, it reasons that although Johnson's appeal to the circuit court was dismissed due to his failure to file a brief on appeal, Johnson nevertheless "effectively obtained judicial review by filing" the appeal. The court rejects this contention. By failing to file a brief, plaintiff voluntarily abandoned his appeal prior to any judicial review which is, in effect, no different from failing to initiate an appeal.[2] See

---

[2]  Citing Snow Lake Shores Property Owners Corp. v. Smith, 610 So. 2d 357 (Miss. 1992), MPC has argued that Johnson's failure to file a brief was "tantamount to a confession of error." In Snow Lakes Shores, however, the court did not address the effect of *appellant's* failure to file a brief but rather the completely different circumstance of an *appellee's* failure, which it held "is tantamount to a confession of error and will be accepted as such

6

Cox, 564 F.3d at 748 (finding that MESC ruling that Cox was not eligible for benefits because she was discharged for work-related misconduct had no preclusive effect in subsequent ADEA action notwithstanding that the plaintiff "voluntarily dismissed her judicial appeal of the MESC ruling").  Based on the foregoing, the court thus concludes that MPC's motion is without merit as it pertains to Johnson's Title VII claim.

While unreviewed state administrative fact-finding is never entitled to preclusive effect in actions under Title VII, that is not so as to claims brought under § 1981.  See Elliott, 474 U.S. at 796-97 (applying collateral estoppel to state administrative fact-findings for purposes of sections 1981 and 1983 but not for purposes of Title VII, and explaining that "Congress in enacting the Reconstruction civil rights statutes, did not intend to create an exception to general rules of preclusion").  See also Jett v. Dallas Independent School Dist., 798 F.2d 748, 763 n.14 (5th Cir. 1986) (noting that in some respects relief is available under Title VII where it is not under sections 1981 and 1983, and citing Elliott for recognition of difference in application of collateral estoppel to the latter but not the former).  Thus, since Mississippi courts give preclusive effect to the decisions of the MDES, if supported by the evidence and in the absence of fraud,

---

unless we can with confidence say, after considering the record and brief of appellant, that there was no error."  Id. (internal quotations and citation omitted).

7

then so should this court.  See Cox, 564 F.3d at 748.  It does not follow, however, that defendant is entitled to dismissal.[3]

On the contrary, as to Johnson's race discrimination claim, even giving the MDES decision preclusive effect, the court concludes that MPC's motion to dismiss is not well taken.  In its motion, MPC does not differentiate between the preclusion doctrines of *res judicata* and collateral estoppel.  It recites the elements of both, and then vaguely argues that the MDES decision should be accorded preclusive effect.  However, neither doctrine precludes Johnson's race discrimination claim.
"Under Mississippi law, the doctrine of *res judicata* bars parties from litigating claims 'within the scope of the judgment' in a prior action." Black v. North Panola School Dist., 461 F.3d 584, 588-89 (5th Cir. 2006) (quoting Anderson v. LaVere, 895 So. 2d 828, 832 (Miss. 2004)).  "'This includes claims that were made or should have been made in the prior suit.'" Id. (quoting Anderson).  For the bar of *res judicata* to apply, four identities must be present: "(1) identity of subject matter; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality or character of a person against whom a claim is

---

[3] It may make no practical difference whether Johnson has a cognizable § 1981 claim since "[§] 1981 provides duplicate or redundant remedies for workplace discrimination prohibited by Title VII." Wiltz v. Christus Hosp. St. Mary, Civil Action No. 1:09-CV-925, 2011 WL 1576929, at *2 (E.D. Tex. Apr. 25, 2011). However, he has pled the claims and they therefore must be addressed.

8

made." Id. (citations omitted). "If these four identities are present, the doctrine of *res judicata* will prevent the parties from relitigating all issues that were decided or could have been raised in the previous action." Id. (citing Harrison v. Chandler-Sampson Ins., Inc., 891 So. 2d 224, 232 (Miss. 2005)). Identity of subject matter is lacking here. While "'[a] party cannot escape the requirements of ... *res judicata* by asserting its own failure to raise matters clearly within the scope of a prior proceeding,'" Underwriters Nat'l Assur. Co. v. North Carolina Llife & Accident & Health Guaranty Assn., 455 U.S. 691, 710, 102 S. Ct. 1357, 71 L. Ed. 2d 558 (1982), the issue of whether MPC was motivated by a racial animus when it terminated Johnson was not before the MDES, nor was it within the scope of the MDES proceeding.

Under Mississippi law, four elements are required for collateral estoppel to apply. "The party must be seeking to relitigate a certain issue, that issue must already have been litigated in a prior action, the issue must have been determined in the prior suit, and the determination of the issue must have been essential to the prior action." Stafford v. True Temper Sports, 123 F.3d 291, 295 (5th Cir. 1997) (citing Raju v. Rhodes, 7 F.3d 1210, 1215 (5th Cir. 1993), cert. denied, 511 U.S. 1032, 114 S. Ct. 1543, 128 L. Ed. 2d 194 (1994)). As Johnson did not raise the issue of whether his termination was motivated by a racial

9

animus in the MDES proceeding, that issue was not actually litigated or decided.  MPC submits, though, that the MDES's factual finding that Johnson was not eligible for unemployment compensation benefits because he was discharged for work-related misconduct necessarily bars his § 1981 claims herein as he is estopped from claiming that he was terminated because of his race.

MPC's argument fails to take into account plaintiff's specific allegation that white employees who engaged in misconduct even more egregious than that for which he was terminated were retained.  Under the applicable evidentiary framework for analyzing § 1981 claims of race discrimination, a plaintiff must first establish a *prima facie* case of discrimination by showing evidence that he "(1) is a member of a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) ... in the case of disparate treatment, ... that other similarly situated employees were treated more favorably."  Glaskox v. Harris County, Tex., 537 Fed. App'x 525, 528 (5th Cir. 2013) (citation omitted).  "If the plaintiff establishes a *prima facie* case, the burden then shifts to the defendant to 'articulate a legitimate, nondiscriminatory reason' for the adverse employment decision."  Id. (citation omitted). "Once the defendant has done so, the burden shifts back to the plaintiff to show either (1) that the defendant's reason is a pretext for the real discriminatory purpose, or (2) "that the

10

defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic (mixed-motive[s] alternative)." See also 42 U.S.C. § 2000e-2(m) ("[A]n unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice."). Under the pretext alternative, "[p]retext may be established 'either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or "unworthy of credence."'" Deanes v. North Mississippi State Hosp., No. 13-60250, 2013 WL 5647126, at *4 (5th Cir. Oct. 17, 2013) (quoting Laxton v. Gap Inc., 333 F.3d 572, 578 (5th Cir. 2003)).

Johnson has clearly alleged the elements of a *prima facie* case of race discrimination; and even if he were precluded from denying that MPC had a legitimate reason for terminating him, he can still prevail by establishing either pretext via proof of disparate treatment or by proving that the decision was also motivated by racial animus. Cf. Floyd v. Amite County School Dist., 495 F. Supp. 2d 619, 627 (S.D. Miss. 2007) (decision of state court that "there were legitimate reasons for discharging Floyd [did] not necessarily foreclose Floyd's Title VII claim because a jury could find that these reasons were pretext, and

11

that Floyd would not have been terminated had it not been for illegitimate racial reasons"); Carlisle v. Phenix City Bd. Of Ed., 849 F.2d 1376, 1379 (11th Cir. 1988) (state court's finding that board had legitimate reasons for transferring school principal would collaterally estop him from asserting there were no legitimate reasons for his transfer but did not estop him from asserting that there were illegitimate racial reasons in addition); Tolefree v. Kansas City, Mo., 980 F.2d 1171, 1174 (8th Cir. 1992) (city personnel board determination that a termination for bad performance was "justified" did not preclude plaintiff from pursuing "mixed-motive" claim). It follows that MPC is not entitled to dismissal of this claim.

While a similar burden-shifting analytical framework applies to Johnson's retaliation claim, that claim stands on somewhat different footing than his race discrimination claim. A plaintiff claiming retaliatory discharge must first establish a *prima facie* case by showing that: "(1) [he] engaged in a protected activity, (2) the employer discharged [him], and (3) there is a causal link between the protected activity and the discharge." Lorentz v. Alcon Laboratories, Inc., 535 Fed. App'x 319, 322 (5th Cir. 2010) (quoting Richardson v. Monitronics Int'l, Inc., 434 F.3d 327, 332 (5th Cir. 2005)). If he can establish his *prima facie* case, the burden shifts to the defendant to articulate a legitimate, nonretaliatory reason for terminating him. Id. (quoting

Richardson). If the defendant presents such a reason, the burden shifts back to the plaintiff to show "by a preponderance of the evidence that the employer's articulated reason is a pretext for discrimination." Id. (citing Richardson). "An employee may establish pretext 'directly, by showing a [retaliatory] reason motivated management, or indirectly, by showing that the reasons given for management's actions are simply not believable.'" Id. (quoting Rios v. Rossotti, 252 F.3d 375, 378 (5th Cir. 2001)). "Alternatively, pretext may be established through evidence of disparate treatment." Id. (citations omitted). However, in contrast to claims of race discrimination, a plaintiff claiming retaliation must prove that "the desire to retaliate was the but for cause of" his termination—that is, "that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the [defendant]." Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. ----, ----, 133 S. Ct. 2517, 2528, 2533, 186 L. Ed. 2d 503 (2013).

    The court reiterates that four requirements are necessary for collateral estoppel to apply: (1) A party must be seeking to relitigate a specific issue; (2) that issue already had been litigated in a prior lawsuit; (3) that issue actually was determined in the prior lawsuit; and (4) that determination of the issue was essential to the judgment in the prior lawsuit." Raju, 7 F.3d at 1215. In the court's opinion, each of these elements is

13

satisfied with respect to Johnson's § 1981 retaliation claim.  The MDES found not only that Johnson committed safety violations and thus engaged in misconduct but also that he was terminated because he engaged in such misconduct.  Johnson, however, seeks to prove in this case that he was terminated because he complained of discrimination and thus seeks to relitigate the cause of his termination.  Given the finding of the MDES that he was discharged because of misconduct, he cannot show that he would not have been terminated "but for" his alleged complaints of discrimination, and it follows that he cannot succeed on his claim for retaliation under § 1981.

   Based on all of the foregoing, it is ordered that MPC's motion to dismiss is granted as to Johnson's § 1981 retaliation claim but is denied as to all remaining claims.

   SO ORDERED this 21st day of March, 2014.


                                   /s/ Tom S. Lee
                                   UNITED STATES DISTRICT JUDGE